**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRYAN GABRIEL CASTRO DE SOUSA,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MIGUEL VERGARA,** *in his official capacity as* Acting Director of the San Antonio Field Office, U.S. Immigration and Customs Enforcement; **DAVID J. VENTURELLA,** *in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; **MARKWAYNE MULLIN,** *in his official capacity as* Secretary, U.S. Department of Homeland Security; *and* **WARDEN,** ERO El Paso Camp East Montana Detention Facility;<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01290-DCG** |

**ORDER DISMISSING CASE AS MOOT**

On September 16, 2026, the Court ordered Petitioner Bryan Gabriel Castro De Sousa to show cause why this case should not be dismissed as moot after the Court discovered that Petitioner had likely been released from custody.[1] Petitioner's counsel confirmed that Petitioner was removed from the United States and that "Petitioner therefore does not oppose dismissal."[2] Accordingly, this case is moot.[3]

---

[1] Order Regarding Potential Mootness, ECF No. 5.

[2] Pet'r Resp., ECF No. 7; *see also* Gov't Resp., ECF No. 6 (confirming removal); Detention Record, ECF No. 6-1, at 1 (same).

[3] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by*

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[4]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 9th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

2020 WL 4464712 (S.D. Tex. Aug. 4, 2020); *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting, with exceptions that don't appear to apply here, that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

[4] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").